UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRIS DOUCETT                                          CIVIL ACTION

VERSUS

TURNER INDUSTRIES GROUP, LLC, ET AL.          NO.: 13-00628-BAJ-SCR

## ORDER OF DISMISSAL

On September 20, 2013, this Court held a hearing in which it, *inter alia*, severed Plaintiff Chris Doucett's ("Doucett") claims from Civil Action 11-00471-BAJ-SCR, *Taylor, et al. v. Turner Industries Group, LLC, et al.*, assigned Doucett's lawsuit a civil action number and placed it on the Court's docket, and set certain deadlines. (Doc. 2.) Specifically, the Court ordered Doucett to pay the required filing fee no later than October 11, 2013. (Doc. 2, p. 13.)

On October 4, 2013, Doucett filed a Motion for Leave to Proceed In Forma Pauperis.[1] (Doc. 3.) In response, Defendant Turner Industries Group, LLC ("Turner") filed a memorandum in opposition, in which it requested that the Court deny Doucett's motion due to his failure to accurately report his income and employment status. (Doc. 4.)

Subsequently, the United States Magistrate Judge issued an order requiring Doucett to respond to Turner's memorandum in opposition by October 21, 2013. (Doc. 5.)

---

[1] Doucett signed the Motion for Leave to Proceed In Forma Pauperis on September 24, 2013. (Doc. 3, p. 4.)

To date, Doucett has not complied with the Magistrate Judge's order. Instead, Doucett filed a Motion to Withdraw Request for Pauper Status, which Turner opposes.[2] (Docs. 8, 12.) To date, Doucett has not paid the required filing fee.

Federal Rule of Civil Procedure ("Rule") 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed.R.Civ.P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery,* 792 F.2d 472, 474-75 (5th Cir.1986).

Here, Doucett was a *pro se* litigant at the time he filed his Motion for Leave to Proceed In Forma Pauperis.[3] A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981); *Beard v. Experian Information Solutions Inc.,* 214 Fed. Appx. 459, 462 (5th Cir.2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl,* 660 F.2d at 593.

---

[2] Turner further requests that the Court dismiss Doucett's claims, with prejudice. (Doc. 12.)

[3] During the hearing on the matter, the Court was informed that Doucett retained counsel on Friday, October 18, 2013. On Monday, October 21, 2013, counsel for Doucett filed a Motion to Enroll, which was granted by the Magistrate Judge on the same day. (Docs. 6, 9.)

2

During the hearing on the matter, the Court reviewed the record, addressed the parties and counsel, and gave Doucett the opportunity to address his failure to comply with the orders of this Court and accurately report his income and employment status in his Motion for Leave to Proceed In Forma Pauperis. Ultimately, the Court was not satisfied with Doucett's explanation or his attempt to characterize his failure to accurately report his income and employment status as a "misunderstanding."

The Court further notes that on two prior occasions, the undersigned painstakingly explained the applicable rules, risks of proceeding *pro se*, and importance of complying with the Court's orders to each of the Plaintiffs who expressed an intent to proceed with their individual claims against Turner. (Doc. 2; Civil Action 11-00471-BAJ-SCR, Doc. 271.) During both hearings, the Court also gave the Plaintiffs, including Doucett, the opportunity to ask questions, which the undersigned spent a considerable amount of time answering. Given Doucett's attendance at such hearings, his failure to comply with this Court's orders is inexcusable. In sum, the Court concludes that Doucett has failed to establish excusable neglect.

Accordingly, the Court shall dismiss Doucett's claims, with prejudice, for his failure to: (1) comply with the Court's orders; (2) meet the applicable deadlines; and (3) accurately report his income and employment status in his Motion for Leave to Proceed In Forma Pauperis. Fed.R.Civ.P. 41(b); *Holly v. Wexford Health Services, Inc.*, 339 Fed. Appx. 633, 636 (7th Cir. 2009) ("The district court is required to dismiss the case, however, if at any time the Court learns that the allegation of poverty is untrue.") (citing 28 U.S.C. § 1915(e)(2)(A)).

Accordingly,

**IT IS ORDERED** that the above-captioned matter is **DISMISSED WITH PREJUDICE**, each party to pay his/its own costs and fees.

Baton Rouge, Louisiana, this 5th day of November, 2013.

*[signature]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**